The Honorable John E. Brown State Senator 17900 Ridgeway Drive Siloam Springs, Arkansas 72761-8866
Dear Senator Brown:
I am writing in response to your request for my opinion on the following question:
 Does the County Judge's selection of a member for the board of the Benton County Rural Development Authority (the" Authority") require the approval of the members of the Benton County Quorum Court to be effective?
You have enclosed with your request a copy of Benton County Ordinance No. 0-91-44, which provides in pertinent part:
 NOW, THEREFORE, BE IT ORDAINED BY THE QUORUM COURT OF THE COUNTY OF BENTON, STATE OF ARKANSAS:
 ARTICLE I. Pursuant to Act 742 of the 1977 General Assembly of the State of Arkansas, there is hereby continued the Benton County Rural Development Authority.
 ARTICLE II. Said Rural Development Authority shall be composed of five (5) members, each a qualified elector of Benton County.
 ARTICLE III. The members of the Benton County Rural Development Authority shall be appointed by the duly elected County Judge of Benton County; their appointments to be confirmed by the Quorum Court.
 ARTICLE IV. The term of office for the members of said Rural Development Authority shall be [in] accordance with Section 103 of Act 742 of 1977 (A.C.A. 14-14-705).
 ARTICLE V. The powers and duties of said County Rural Development Authority shall be as prescribed by law in A.C.A. 14-188-101 et seq.
You have also enclosed correspondence from private counsel to a representative of the Benton County Water Association opining that the successor commissioners of the Authority appointed by the county judge must be confirmed by the quorum court. The Benton County Attorney has opposed this position, arguing in correspondence to me that the county judge's appointees need not be confirmed by the quorum court.
RESPONSE
In my opinion, the answer to your question is "yes."
Sections 14-188-101 through -122 of the Arkansas Code (Repl. 1998) comprise the Rural Development Authority Act (the "Act"). Subsection14-188-104(a)(1) of the Act provides: "In each county of the state there is created a public body corporate and politic to be known as the rural development authority." Subsection (b) of this statute provides that the county court can activate the authority by resolution under designated circumstances. Subsection 14-188-105(a)(1) provides that upon the enactment of such a resolution, the county court will appoint five members of the authority. Subsection (a)(2)(A) of this statute provides without elaboration that subsequent commissioners will be appointed "as indicated." Section 14-188-109 of the Code invests rural development authorities with a broad range of powers to effectuate their "public and essential government functions," including the power to sue and be sued, to contract, to enact regulations, to borrow money, to issue bonds and to prepare and operate development projects.
The legal arguments I have been provided essentially consider whether the term "as indicated" in A.C.A. § 14-188-105(a)(2)(A) authorizes the appointment of successor commissioners without quorum court approval. The Benton County Attorney maintains that this term refers to the procedure for designating the original commissioners — i.e., appointment by the county judge in his role as the county court. By contrast, counsel for the Benton County Water District suggests that the term refers to the procedure for making appointments set forth at A.C.A. § 14-14-705, which provides in pertinent part:
 A county quorum court, by ordinance, may establish county advisory or administrative boards for the conduct of county affairs.
 (1) ADVISORY BOARDS. (A) An advisory board may be established to assist a county office, department, or subordinate service district. The advisory board may furnish advice, gather information, make recommendations, and perform other activities as may be prescribed by ordinance. A county advisory board shall not have the power to administer programs or set policy.
 (B) All advisory board members shall be appointed by the county judge. Confirmation of advisory board members by a quorum court shall not be required.
 (C) An advisory board may contain any number of members as may be provided by the ordinance creating the advisory board.
 (D) The term of all advisory board members shall not exceed three (3) years.
 (2) ADMINISTRATIVE BOARDS. (A) Administrative boards may be established to exercise administrative powers granted by county ordinance, except that the board may not be authorized to pledge the credit of the county. The administrative board shall be a body politic and corporate, with power to contract and be contracted with and sue and be sued. As to actions of tort, the board shall be considered as an agency of the county government and occupy the same status as a county. . . .
* * *
 (C) An administrative board may be assigned responsibility for a county department or a subordinate service district.
 (D) All administrative board members shall be appointed by the county judge. These appointments shall require confirmation by a quorum court.
(E) An administrative board shall contain five (5) members. . . .
In my opinion, as a "public body corporate and politic" invested with significant powers, including the power to craft and to implement policy, see A.C.A. § 14-188-104, the five-member Authority is clearly an administrative, as opposed to an advisory, board as defined in A.C.A. §14-14-705. As reflected in the excerpts from the statute just quoted, the county judge lacks authority to appoint successor commissioners to any administrative board without quorum court approval. Accordingly, I believe the Benton County Quorum Court must approve any appointment to the Authority by the Benton County Judge.
The Benton County Attorney seeks to avoid the conclusion just stated by suggesting that the Authority is not subject to the provisions of A.C.A. § 14-14-705 because the Act specifically sets forth an alternative procedure for appointing successor board members to rural development authorities. However, I believe this argument ignores the fact that A.C.A. § 14-14-705 is legislation enabling a constitutional mandate, and that it hence must be applied to any entity that falls within its scope regardless of possibly contradictory prior legislation. The statute was enacted in 1977 — well after adoption of the Act — as part of the enabling legislation for Ark. Const. amend. 55, which significantly reorganized county government.[1] As reflected in the following, the adoption of Amendment 55 profoundly impacted the organization of county boards:
 All laws providing for the organization, jurisdiction, and operation of county boards and commissions, except the laws relating to county hospital boards of governors and except laws relating to county nursing home boards, shall be given the status of county ordinance until June 30, 1978. These organizations shall continue to function under those respective laws until reorganized by county ordinance.
A.C.A. § 14-14-712(a). Benton County Ordinance No. 0-91-44 appears to have been crafted in compliance with this directive, "continuing" the Authority and arguably reorganizing its structure by providing that its commissioners will be appointed by the county judge only subject to the condition of quorum court approval. Even assuming that the term "as indicated" in A.C.A. § 14-188-105 was initially intended to mean "in the same manner as the initial appointment of commissioners," the demotion of this provision of state law to the status of county ordinance clearly authorized the quorum court to change the procedure for appointing successor commissioners, which is precisely what Ordinance No. 0-91-44 did if one accepts the Benton County Attorney's reading of the statute.
The procedural requirements of A.C.A. § 14-14-705 are thus not only a more recent expression of legislative will than those contained in the Act but give effect to a constitutional mandate that must take priority over any conflicting statutory provisions. See Ark. Op. Att'y Gen. No.94-029 (opining that since the adoption of Amendment 55, the quorum court, not the county judge, should by ordinance repeal the county judge's prior resolution activating a rural development district). Moreover, I believe A.C.A. § 14-14-712 empowered the quorum court to adopt whatever constitutionally permissible procedure it deemed appropriate for the appointment of successor commissioners.[2]
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
[1] The complete enabling legislation for Amendment 55 is set forth in Act No. 742 of 1977, currently codified as A.C.A. § 14-14-101 et seq.
[2] I should note that in expressing this opinion, I am going slightly further than my immediate predecessor, who in Ark. Op. Att'y Gen. No.94-029 expressed uncertainty whether A.C.A. § 14-14-712 applies to a rural development authority, which is not specifically included among the representative boards listed in the statute. As reflected in the foregoing, I believe a rural development authority clearly qualifies as an administrative board and that A.C.A. § 14-14-712 was designed in part to enable county government to locate ultimate control over the membership of such boards in the quorum court.